IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RALPH-EDWARD HEITMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. CV-07-209-E-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BEAR LAKE WEST HOME OWNERS ASSOCIATION CORPORATION, TOM RUPPENTHAL, JIM ALLEN, RICHARD ARMATAGE, MARCY CRAYTOR, RON RICE, STEVEN HARDY, RONALD WAYNE JAY, KENNETH J. RATCLIFF, TOM ARMSTRONG, SHERRI SIMMONS, KAY PETERSON, PERRY BARNES, TOMA RUPPENTHAL, INEZ BATT, TOM SCHAEFER, BILL WESSEL, DWIGHT HAWKS, LANE V. ERICKSON, RACINE OLSEN NYE BUDGE & BAILEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this case is Defendants' Motion to Dismiss and Motion for Rule 11 Sanctions (Docket No. 5). Plaintiff's Response to the Motions is overdue. However, because the Clerk of Court recently provided Plaintiff with the Notice to Pro Se Litigants of the Summary Judgment Rule Requirements and the Court wants to give Plaintiff an opportunity to respond, Plaintiff will be permitted to file a response no

**ORDER** 1

later than July 20, 2007.

The Court has preliminarily reviewed the pleadings in this case, as well as the pending motions.  It appears that Plaintiff's Complaint and Amended Complaint are frivolous.[1]  As a result, the Court enters the following Order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff shall have until **July 20, 2007**, in which to file a response to the pending motions.  No party shall file any thing further while these motions are pending, and replies shall not be necessary unless requested by the Court.  Plaintiff shall provide a copy of this order to all parties who have been served but who have not answered to give them notice that they are not required to

---

[1] It appears that Plaintiff is basing his claim on a frivolous legal theory, which renders his case subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is relying on theories unsuccessfully propounded by others who are part of the "sovereign citizen" movement.  These theories are generally advanced to challenge state and federal laws and state court judgments.  They have been consistently rejected by the courts.  *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *see also* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785.

**ORDER  2**

file an answer in this case unless the Court orders it after the pending motions are resolved.  Plaintiff shall not file motions for default judgment in this case.

DATED: **June 29, 2007**

/s/ B. Lynn Winmill
B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER 3**