IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RALPH-EDWARD HEITMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-07-209-E-BLW |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| BEAR LAKE WEST HOME OWNERS ASSOCIATION CORPORATION, TOM RUPPENTHAL, JIM ALLEN, RICHARD ARMATAGE, MARCY CRAYTOR, RON RICE, STEVEN HARDY, RONALD WAYNE JAY, KENNETH J. RATCLIFF, TOM ARMSTRONG, SHERRI SIMMONS, KAY PETERSON, PERRY BARNES, TOMA RUPPENTHAL, INEZ BATT, TOM SCHAEFER, BILL WESSEL, DWIGHT HAWKS, LANE V. ERICKSON, RACINE OLSEN NYE BUDGE & BAILEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this case are Defendants' Motion to Dismiss and Motion for Rule 11 Sanctions (Docket Nos. 5(a) and 5(b)). The Court previously ordered Plaintiff to file a response to the pending Motions no later than July 20, 2007 (Docket No. 20). Plaintiff has filed several notices in response, which the Court has considered (Docket Nos. 23, 24, 25 & 26). Oral argument is unnecessary and would cause Defendants to expend additional attorney's fees. Based upon its review of the record and

MEMORANDUM DECISION AND ORDER 1

consideration of the parties' arguments, the Court enters this Order granting the Motion to Dismiss and Motion for Sanctions.

## DEFENDANTS' MOTIONS TO DISMISS

### A. Factual and Procedural Background

Defendants assert that Plaintiff has filed repeated lawsuits against them for the purpose of harassment. After Defendants initiated and were successful in obtaining an award in the first litigation against Plaintiff, he then initiated three additional lawsuits, all based on the same subject matter and the same legal theories. In one of these cases, Judge Quackenbush summarized the factual history of the dispute as follows:

> This matter arises out of a dispute between the Plaintiff and others involving property in an alleged homeowners development known as Bear Lake West Homeowners Association in which the Plaintiff owns property. The Plaintiff contends that a waterline traversing his property constitutes, *inter alia*, a trespass on his property. The dispute arose when the Plaintiff allegedly commenced construction of improvements on his property without prior Homeowners approval and in so doing cut the waterline serving other properties. The Homeowners paid for the repairs to the waterline and in 2004 commenced an action against the Plaintiff herein in the state of Idaho Sixth Judicial District Court seeking to recover the cost of pipeline repairs, alleged unpaid homeowners assessments, and injunctive relief concerning the erection of buildings.

*Order of December 13, 2006* (Docket No. 41 in Case No. CV05-422-E-JLQ).

    1.    <u>First Case (State Court Case No. CV-2004-212, Removed as Federal Court Case No. CV05-429-E-MHW)</u>

On September 15, 2004, Defendant Bear Lake West HOA initiated a lawsuit in state court against Plaintiff for the purpose of collecting monies from Plaintiff for having

caused damage to a water pipe owned by Bear Lake West HOA (hereinafter "first case"). *See Affidavit of Lane V. Erickson*, Exhibit A (Docket No. 5-2).  During the course of that litigation, Plaintiff repeatedly served the individual HOA Board members with fictitious claims, judgments, and other documents, wherein Plaintiff claimed to have obtained an administrative judgment against them in excess of $16,000,000.  In that action, Bear Lake West HOA filed a motion to dismiss and a motion for sanctions.  On May 19, 2005, the state court granted the motions, and ordered Plaintiff to pay attorney's fees and a sanction in the sum of $1,500.00 to the District Court Fund for Bear Lake County.  *See id.*, Exhibit B.

After Defendants filed a motion for contempt in that action for Plaintiff's nonpayment of the judgment and sanctions, Plaintiff removed the action to federal court under Case No. CV05-429-E-MHW.  In the federal case, Plaintiff asked the Court to dismiss the Complaint and other pleadings on the basis of admiralty law; in addition, he brought a counterclaim.  *See id.*, Exhibit C.[1]

On September 22 2006, this case was remanded to state court for further proceedings.  *See id.*, Exhibit D.  On November 13, 2006, the state court found Plaintiff in contempt, ordered him to serve five (5) days in jail, and awarded Bear Lake West HOA money judgment for all damages, attorney's fees, and costs in the amount of $18,390.59.

---

[1] Apparently during the pendency of those proceedings, Plaintiff filed for Chapter 13 bankruptcy but the case was later dismissed for failure to abide by the Bankruptcy Court's orders.  *See Order of May 10, 2006* (Docket No. 121 in Case No. 05-43437-JDP).  Plaintiff filed a second Chapter 13 bankruptcy action on March 22, 2007, which he voluntarily dismissed on April 7, 2007.  *See Order of Dismissal* (Docket No. 18 in Case No. 07-40189-JDP).

MEMORANDUM DECISION AND ORDER 3

*See id.*, Exhibit G.  Plaintiff appealed this decision, and the case is still pending before the Idaho Supreme Court under Docket No. 33799.

  2.  <u>Second Case (Federal Court Case No. CV05-422-S-JLQ)</u>

On October 11, 2005, during the pendency of the first case, Plaintiff filed a separate federal court case, CV05-422-S-JLQ, in which he sued Dan Pope.  The Complaint involved the same subject matter as the first state court case.  *See id.*, Exhibit E.  Defendant filed a motion to dismiss the case.  The case was stayed pending resolution of Plaintiff's first case.  *See id.*, Exhibit F.  On August 27, 2007, the Federal Court granted Defendant's motion to dismiss, dismissed Plaintiff's amended complaint with prejudice, and entered judgment.  *See Order of August 27, 2007* (Docket Nos. 47 & 48 in Case No. CV05-422-E-JLQ.[2]

  3.  <u>Third Case (the Present Case)</u>

On May 3, 2007, Plaintiff filed his 95-page Complaint in this case, which consists of nonsensical phrases strung together with legal citations interspersed among the phrases.  *See Complaint* (Docket No. 1). Plaintiff refers to federal admiralty and criminal statutes, and sections of the federal civil rights statute, 42 U.S.C. §§ 1985 and 1986.  Plaintiff alleges fraud, but there are not discernable factual allegations to support such a cause of action.  The Complaint also makes indecipherable allegations challenging the

---

[2] Also during the pendency of that action, on November 12, 2006, Plaintiff filed a complaint in federal court against the Internal Revenue Service.  This case was deemed frivolous and dismissed with prejudice.  *See Order of May 23, 2007* (Docket Nos. 8 & 9 in CV06-477-E-JLQ).

MEMORANDUM DECISION AND ORDER 4

punctuation, syntax, and grammar of contracts or written communications between Plaintiff and Defendants.

On May 24, 2007, Defendants filed a Motion to Dismiss and a Motion for Rule 11 Sanctions (Docket Nos. 5(a) & 5(b)).  On August 28, 2007 and October 5, 2007, Plaintiff filed various notices, which are also nonsensical (Docket Nos. 23, 24, & 25).  He has not otherwise filed a response to Defendants' Motions, despite the Court's order requiring him to do so.  *See Order of June 29, 2007* (Docket No. 20).

**B.**     **Standards of Law**

Defendants seek dismissal of Plaintiff's entire complaint.  Federal Rule of Civil Procedure 12(b)(6) is a procedural mechanism whereby parties can test the legal sufficiency of the claims asserted in the complaint. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.*.

Before a district court can dismiss the complaint of a pro se litigant, it must provide the litigant "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992).  A court may dismiss a pro se litigant's complaint without

MEMORANDUM DECISION AND ORDER 5

leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendment.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**C.    Discussion**

Under the most liberal reading of Plaintiff's Complaint, the Court can discern no cognizable set of facts or legal theory upon which relief can be granted.  The Court previously advised Plaintiff that it appeared that his Complaint was founded upon the foregoing frivolous legal theory, and it ordered him to file a response to show why his case should not be dismissed.  *See Order of June 29, 2007* (Docket No. 20).  Plaintiff has failed to file a response, but has filed various notices and a letter, which the Court has reviewed (Docket Nos. 23, 24, 25, & 26).

Plaintiff's references to federal maritime and criminal statutes which have no applicability in a civil action demonstrate that he subscribes to the "sovereign citizen" movement, which is a frivolous legal theory.  Such theories are generally advanced to attempt to challenge state and federal laws and state court judgments.  Persons who subscribe to this theory assert that if a federal court displays a yellow-fringed American flag or if the flag pole has an eagle symbol at the top, then the federal court is converted into an admiralty court or military court.  *See Plaintiff's Motion for Default Judgment*, p. 3 (Docket No. 21).

These theories have been consistently rejected by the courts as frivolous.  *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument

MEMORANDUM DECISION AND ORDER 6

that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *see also* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785.

Plaintiff has referenced 42 U.S.C. § 1985(2)&(3) and § 1986 in his Complaint, but there is no discernable cause of action related to these sections. Section 1985 governs conspiracies to interfere with civil rights. Section 1985(2) has two clauses: the first concerns conspiracies interfering with access to federal courts, and the second concerns access to state courts. *See Bretz v. Kelman*, 773 F.2d 1026, 1028-29 (9th Cir. 1985). Here, neither clause of § 1985(2) fits the circumstances of this case. There are no allegations that Defendants interfered with Plaintiff's right to access the federal court. Neither are there any allegations that Defendants interfered with Plaintiff's right to access the state courts as a result of a racial or class-based discriminatory animus. *Id.* at 1029-30; *see Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2)(first clause) and 1985(3) require the element of class-based animus). Plaintiff has failed to allege that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated. Therefore, this claim is

MEMORANDUM DECISION AND ORDER 7

subject to dismissal.

Section 1986 provides that persons who negligently fail to prevent a wrongful conspiracy as described in § 1985 may be liable to the party injured. A prerequisite to stating a § 1986 claim is stating a § 1985 claim. *West v. County of Will*, 1985 WL 1774 (D. Ill. 1985). Because Plaintiff has failed to state sufficient allegations to show that he can maintain a claim under § 1985, he may not proceed on a § 1986 claim.

Finally, Plaintiff may not challenge a state court judgment in this court. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923). A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* (internal citation omitted). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986).

The Court need not reach Defendants' collateral estoppel and res judicata arguments, as the Ninth Circuit "ha[s] said that the res judicata requirement of a full and fair opportunity to litigate, and the *Feldman* inextricably intertwined barrier are two sides of the same coin.'" *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1103 (9th Cir. 2003).

MEMORANDUM DECISION AND ORDER 8

Based on all of the foregoing reasons, the Court concludes that the Complaint is subject to dismissal under Rule 12(b)(6), and that allowing amendment would be futile based on the nonsensical nature of Plaintiff's filings.  *See generally Lopez v. Smith*, 203 F.3d at 1130-31.   Plaintiff's Complaint shall be dismissed with prejudice.

### REQUEST FOR ATTORNEY'S FEES

A defendant may recover attorney fees under 42 U.S.C. § 1988 if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (citation omitted).  An award of attorney's fees in a civil rights case should be made to a defendant only in "exceptional circumstances."  *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

An award of costs to the prevailing party is authorized by Federal Rule of Civil Procedure 54(d).  In exercising its discretion under Rule 54(d) regarding whether to award costs in civil rights cases, a district court "should consider the financial resources of the plaintiff and the amount of costs."  *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (internal citations omitted).

Here, the Court concludes that this is an exceptional case in which attorney's fees are warranted.  The Court finds that Plaintiff's action is groundless, frivolous, and without basis in law or fact.  Defendants have had to expend attorney's fees and costs to defend this frivolous action.  In addition, this matter has already been litigated in state court, wherein Defendants had to expend further effort, fees, and costs.  Plaintiff should not have tried to re-litigate the same subject matter again, and he should not have relied on an

MEMORANDUM DECISION AND ORDER 9

obviously frivolous legal theory to try to undo a state court judgment.

Therefore, the Court will grant Defendants' requests for an award of attorney's fees and costs. Defendants shall submit their attorney's affidavits and statement of costs. Plaintiff may respond and provide information about his financial resources and ability to pay as he may desire. Defendants may file a reply, and, thereafter, the Court shall determine a reasonable sum for fees and costs.

## REQUEST FOR RULE 11 SANCTIONS

Among other grounds, a court may impose Rule 11 sanctions if a pleading or paper filed with the court is frivolous or if it is filed for an improper purpose. Fed. R. Civ. P. 11(b)(1)&(2).[3] The Ninth Circuit has explained:

> The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *Id*. "[T]he subjective intent of the . . . movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986).[4]

---

[3] Rule 11(b) provides:
By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal or existing law or the establishment of new law . . . ."

[4] *Zaldivar* was overruled on other grounds by *Cooter & Gell v. Hartmarx Corp*., 496, US. 384 (1990) (appellate standard of review).

MEMORANDUM DECISION AND ORDER 10

*G.C. and K.B. Investments*, 326 F.3d at 1109.  It has further determined that "[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Zaldivar*, 780 F.2d at 832; *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir.1997).  One district court aptly observed that Rule 11 "serves as a warning to counsel and parties alike that before filing a document, they must 'Stop, Look and Listen' or . . . 'Stop, Think, Investigate and Research.'"  *Flanagan v. Shively*, 783 F.Supp. 922, 937 (D. Pa. 1992) (internal citation omitted).

      Here, the Court finds that the pleadings and papers Plaintiff has filed in this case are frivolous, and that their frivolousness would be apparent to a reasonable attorney and to a reasonable layperson.  Plaintiff has been told on more than one occasion by more than one judge that his legal theories are groundless or frivolous.  Even upon the most liberal reading, the Court finds that Plaintiff's pleadings and papers are incomprehensible and utterly nonsensical.

      The Court also finds that Plaintiff's pleadings and papers have been filed for an improper purpose.  Plaintiff is well aware that he is litigating the same matter upon which he lost in the state district court.  Plaintiff has also been ordered by various courts to cease filing and sending numerous nonsensical documents to parties.  This Court ordered Plaintiff to file only a response to the Motion to Dismiss; Plaintiff ignored the Court and filed five (5) additional items, including a Motion for Default Judgment, which the Court has stricken.  Under these circumstances, it is clear that Plaintiff's filings are for the purpose of harassing Defendants.

MEMORANDUM DECISION AND ORDER 11

The Court will award Defendants their attorney's fees in this case as a sanction, in the alternative to a § 1988 award of fees, as set forth above. Because the Court has determined that it shall hold a vexatious litigant order to show cause hearing for Plaintiff, requiring him to show cause why he should not be declared a vexatious litigant and be barred from filing further complaints in federal court without prior authorization from the court, it declines to order other sanctions.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 5(a)) is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion for Rule 11 Sanctions (Docket No. 5(b)) is GRANTED to the extent set forth herein above.

IT IS FURTHER HEREBY ORDERED that Defendants may submit their attorney's affidavits and statement of costs within fourteen (14) days of this Order. Thereafter, Plaintiff may respond and provide information about his financial resources and ability to pay as he may desire, and Defendants may, but are not required to, file a reply.

DATED: **November 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM DECISION AND ORDER 12